# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY AUSTIN GANT, | CASE NO. 1:10 cv 00964 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | AMENDED COMPLAINT |
| JAMES HARTLEY, et al., | DUE IN THIRTY DAYS |
| Defendants. | |

### Screening Order

**I.     Screening Requirement**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claim**

Plaintiff, fomerly incarcerated at Avenal State Prison, brings this civil rights action against the following correctional officials employed by the California Department of Corrections and Rehabilitation at Avenal: Sergeant G. Simon; Sergeant R. Osejo; Captain M. Goodwin; Captain Frauenheim; Correctional Officer J. DeLeon.

Plaintiff alleges that he was accused of falsification of documents after he filed an inmate grievance regarding lost and damaged property. Plaintiff alleges that the charging document, the "fraudulent 115," was prepared by Sgt. Simon. Plaintiff was "forced to go through these allegations that were used to harass, slander and/or place Plaintiff in the falsehood of wrong doing to increase Plaintiff's incarceration within California Department of Corrections and Rehabilitation and/or possible face criminal allegations within Kings County Superior Court." (Compl. ¶ IV.) Plaintiff alleges that Sgt. Simon was negligent in "his failure to research all documents and/or manipulation of fellow correctional/institutional staff." Plaintiff was eventually cleared of all allegations by Lt. Mendibourne.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests

which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Plaintiff has not alleged any facts indicating that he suffered any injury. Specifically, Plaintiff has not alleged any facts indicating that he was assessed any penalty, that resulted in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. 515 U.S. at 484.

To the extent that Plaintiff did suffer a penalty, In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Although the specific facts of Balisok involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing. The Ninth Circuit has recently applied the Balisok rule to a case in which a prisoner sought damages based on allegations that prison officials relied on false information to find him ineligible for parole. Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997). Because the claim necessarily implied the invalidity of the plaintiff's continued confinement, it could not accrue until the conviction or sentence had been invalidated. Id.

Here, Plaintiff's core factual allegation is that he was falsely accused . To the extent Plaintiff's claim implies the invalidity of any confinement as a result of his disciplinary hearing, his

3

1  claim will not accrue until the conviction or sentence has been invalidated. Although Plaintiff
2  alleges that he was "cleared of all allegations" by Lt. Mendibourne, he fails to allege specific facts
3  indicating that his disciplinary process was invalidated.
4        That Plaintiff was eventually exonerated of the charge does not imply that Plaintiff was
5  deprived of due process at his disciplinary hearing. "Prison disciplinary proceedings are not part of
6  a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not
7  apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary
8  proceedings, the minimum procedural requirements that must be met are: (1) written notice of the
9  charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of
10 the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders
11 of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner
12 to call witnesses and present documentary evidence in his defense, when permitting him to do so
13 would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance
14 to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-
15 71. As long as the five minimum Wolff requirements are met, due process has been satisfied.
16 Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994). Plaintiff has not alleged any facts
17 suggesting that the conviction was reversed on the ground that Plaintiff suffered a due process
18 violation. This claim should therefore be dismissed.
19       The only injury the Court can discern from the complaint is injury to Plaintiff's character or
20 reputation. Injury to reputation alone does not result in a deprivation of a liberty or a property
21 interest protected by the Due Process Clause of the Fourteenth Amendment. Alexander v. Jeffries,
22 12 F.3d 1105 (9th Cir. 1993)(quoting Paul v. Davis, 424 U.S. 693, 703 (1976)); Johnson v. Barker,
23 799 F.2d 1396, 1399 (9th Cir.1986). An action for damages to reputation lies ... in the tort of
24 defamation, not in 42 U.S.C. 1983. Fleming v. Dep't of Public Safety, 837 F.2d 401, 409 (9th Cir.),
25 cert. denied, 488 U.S. 889 (1988).

**III.    Conclusion and Order**

27       The Court has screened Plaintiff's complaint and finds that it does not state any claims upon
28 which relief may be granted under section 1983. Specifically, Plaintiff has not alleged any injury

within the meaning of Sandin. Assuming Plaintiff did allege such injury, he has not alleged any facts suggesting he was not afforded any of the process set out in Wolff. The crux of Plaintiff's claim is that he was falsely accused. Injury to reputation alone does not result in a deprivation of a liberty or a property interest protected by the Due Process Clause of the Fourteenth Amendment. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **September 19, 2011**    **/s/ Gary S. Austin**
                 UNITED STATES MAGISTRATE JUDGE